UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BOB O'NEIL, ET AL                               CIVIL ACTION NO. 16-cv-0934

VERSUS                                          JUDGE HICKS

SAFEWAY INSURANCE CO. OF                        MAGISTRATE JUDGE HORNSBY
LOUISIANA, ET AL

**MEMORANDUM ORDER**

Bob O'Neil and Cynthia Shaw, husband and wife, filed this civil action in state court to recover damages associated with an automobile accident in which Bob's Honda Accord was allegedly hit by a Volvo tractor-trailer rig.  The named defendants are the driver and owner of the tractor-trailer rig, their liability insurer, and the plaintiffs' UM/UIM insurer.

The principal defendants joined in or consented to a removal of the case based on diversity jurisdiction.  They stated that Safeway Insurance Company of Louisiana, Mr. O'Neil's UM/UIM carrier, would destroy diversity but should be ignored  pursuant to the improper joinder doctrine, which is outlined in Smallwood v. Illinois Central RR Co., 385 F.3d 568 (5th Cir. 2004).  Plaintiffs have not challenged the improper joinder plea, but the court is obligated to determine subject matter jurisdiction, including whether a party is improperly joined, on its own initiative.  Gasch v. Hartford Acc & Indem. Co. 491 F.3rd 278, 281 (5th Cir. 2007).

If Plaintiffs contest the assertion that Safeway Insurance Company was improperly joined, they must file a motion to remand, supported by a memorandum, by **August 25, 2016**

and explain why there is a reasonable basis to predict that state law would allow Plaintiffs to recover against Safeway Insurance Company.  If Plaintiffs timely file a motion to remand, it will be noticed for briefing so that Defendants can respond and attempt to meet their burden on the improper joinder issue.

If Plaintiffs do not timely file a motion to remand and challenge the improper joinder plea, the court will consider Plaintiffs to concede the point, Safeway Insurance Company will be dismissed, and the court will set a scheduling conference.

The notice of removal also needs some clarifications to ensure that the removing Defendants have met their burden of establishing diversity of citizenship.  K.I.S. Transport, LLC is described as a foreign "corporation" even though its name suggests that it is probably a limited liability company.  That should be clarified.

The notice of removal does properly identify the two members of the LLC, but it alleges that they "reside in" Missouri.  A person may be a resident of multiple states, but he has only one domicile at a time. Thus it is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984).  Because the citizenship of an LLC is that of its members, the notice should clearly allege the state in which the two members are citizens/domiciled.

Finally, the notice of removal states that "plaintiff is a citizen of the State of Louisiana," but there are two plaintiffs in this case.  The notice should be amended to clearly allege that both plaintiffs are citizens of Louisiana, if that is the case.  The removing Defendants will be allowed until **August 19, 2016** to file an amended notice of removal and address these issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of August, 2016.

Mark L. Hornsby
U.S. Magistrate Judge